EL PUEBLO, DEMANDANTE Y APELADO, v. GONZÁLEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por adulteración de leche.

No. 1555.—Resuelto en julio 22, 1920.

DELITO CONTRA LA SALUD PÚBLICA—VENTA DE LECHE ADULTERADA—PRUEBA SU-FICIENTE.—Vendida en el presente caso en el depósito del acusado la leche que resultó adulterada o hallándose allí expuesta para la venta, la presun-ción es que pertenecía al acusado aunque él no estuviera presente. Esta pre-sunción pudo ser destruída por el testimonio de la dependiente que sostuvo que no pertenecía la leche al acusado y sí a ella, pero no habiendo la corte creído tal testimonio y no demostrándose que al proceder así actuara con manifiesto error, la prueba es suficiente para sostener la sentencia condena-toria dictada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Tormes.*

Abogados del apelado: *Sres. J. E. Figueras, Fiscal* y *C. Llauger Díaz.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

José G. González fué acusado y condenado a sufrir treinta días de cárcel por tener a la venta leche de vaca adulterada.

La prueba consistió en la declaración del inspector de sanidad Genaro Santiago que dijo en resumen que inspec-cionó un depósito del acusado y que vió vender a Providen-cia Rivera, dependiente del depósito, cinco centavos de le-che a una mujer, resultando del examen practicado que la leche estaba adulterada, y en la declaración de Providencia Rivera que aseguró que si bien era verdad lo de la venta de la leche, tal leche no era del acusado sino de ella. Que la leche del acusado se vendió toda y luego pasó por allí un muchacho del campo y le compró unas botellas de leche que llevaba y la revendió por su cuenta.

Se sostiene por el acusado que esa prueba es insuficiente. Todo depende de si debe darse crédito o no a la declaración de Providencia Rivera. Vendida la leche en el depósito del

acusado o hallándose allí expuesta para la venta, la presunción es que era del acusado, aunque no estuviera él presente. Esa presunción pudo quedar destruída por la declaración de Providencia Rivera. Pero la corte no creyó a la testigo y como no se ha demostrado que al proceder así actuara con error manifiesto, debemos aceptar su juicio como el justo y procedente.

Después de haber las partes anunciado que estaban listas para juicio, el acusado presentó una excepción perentoria alegando que la acusación estaba redactada en forma tal que no daba a conocer de una manera precisa el cargo que se le hacía, ya que no especificaba si el acusado había actuado personalmente o por medio de agente. De acuerdo con la repetida jurisprudencia de esta Corte, era ya demasiado tarde para alegar la excepción.

Se sostiene, además, por el apelante, que la acusación no le imputa un delito público, porque el solo hecho de tener para la venta leche de vaca adulterada no es delito, ya que tal leche puede venderse legalmente para usos industriales. Esa cuestión fué decidida en contra del criterio que sustenta el apelante por esta Corte en el caso de *El Pueblo* v. *Vilá,* 24 D. P. R. 396. Allí se dijo:

"Es suficiente una acusación que imputa al acusado que vendía en el depósito de su propiedad leche de vaca adulterada con agua, porque ello significa que la vendía a cualquier persona y no para fines industriales, y cuando esto no es así al acusado corresponde probarlo en su defensa."

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.